UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------
KIMBERLY TRAPANI,

   Plaintiff,

    -against-

THE FREEPORT PUBLIC SCHOOL
DISTRICT, and GUSTAVE KARAGROZIS,
in his individual and official
capacity,

   Defendants.
-------------------------------X

<u>MEMORANDUM & ORDER</u>
24-CV-3005 (JS)(SIL)

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Matthew Brian Weinick, Esq. |
| | Famighetti & Weinick, PLLC |
| | 25 Melville Park Road, Suite 235 |
| | Melville, New York 11747 |
| | |
| For Defendant Freeport Public School District: | Chelsea Ella Weisbord. Esq. |
| | Sokoloff Stern LLP |
| | 179 Westbury Avenue |
| | Carle Place, New York 11514 |
| | |
| For Defendant Gustave Karagrozis: | Alexander R. Klein, Esq. |
| | Kevin T. Kearon, Esq. |
| | Barket Epstein Kearon Aldea & LoTurco, LLP |
| | 666 Old Country Road, Suite 700 |
| | Garden City, New York 11530 |
| | |
| | John Henry LoTurco, Esq. |
| | Barket Epstein Kearon Aldea & LoTurco, LLP |
| | 434 New York Avenue |
| | Huntington, New York 11743 |
| | |
| | Cristina A Soller, Esq. |
| | Morris Duffy Alonso Faley & Pitcoff |
| | 101 Greenwich Street, 22nd Floor |
| | New York, New York 10006 |

SEYBERT, District Judge:

On April 23, 2024, Plaintiff Kimberly Trapani (hereinafter, "Plaintiff") commenced this employment discrimination action against Defendants the Freeport Public School District (hereinafter, "Defendant District") and Gustave Karagrozis (hereinafter, "Defendant Karagrozis") (together, "Defendants"). (See generally, Compl., ECF No 1.) Plaintiff filed a First Amended Complaint ("FAC") on June 5, 2024 (see generally, FAC, ECF No. 10). Plaintiff is alleging: (1) sex discrimination-hostile work environment arising under the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, against both Defendants (hereinafter, "Section 1983 Hostile Work Environment Claim"); (2) sex discrimination–hostile work environment arising under Title VII as to the Defendant District only; (3) sex discrimination–hostile work environment arising under the New York State Human Rights Law ("NYSHRL"), NY Exec. Law §§ 290-301, against both Defendants (hereinafter, "NYSHRL Hostile Work Environment Claim"); (4) negligent hiring and supervision as to the Defendant District only; and (5) negligent infliction of emotional distress as to the Defendant District only. (See generally FAC.)

On July 8, 2024, Defendant District answered the Amended Complaint. (See generally Def. District's Ans., ECF No. 13.) On September 27, 2024, Defendant Karagrozis filed his motion to

2

dismiss the Section 1983 Hostile Work Environment Claim and NYSHRL Hostile Work Environment Claim brought against him (hereinafter, "Dismissal Motion"). (See generally Mot., ECF No. 21-1; Support Memo, ECF No. 21.) Plaintiff opposed Defendant Karagrozis's Motion (hereinafter, "Opposition"). (See generally Opp'n, ECF No. 21-3.) Defendant Karagrozis also submitted a reply in further support of his Motion (hereinafter, "Reply"). (See generally Reply, ECF No. 21-4.)

On May 2, 2025, Magistrate Judge Steven I. Locke (hereinafter, "Judge Locke") issued a Report and Recommendation (hereinafter, "Report" or "R&R") recommending the Court: (1) dismiss Plaintiff's Section 1983 Hostile Work Environment Claim against Defendant Karagrozis; and (2) not dismiss Plaintiff's NYSHRL Hostile Work Environment Claim against Defendant Karagrozis. (R&R, ECF No. 28, at 2 & 22.)

On May 16, 2025, both Defendant Karagrozis and Plaintiff filed objections to Judge Locke's R&R. (Def.'s Objs., ECF No. 29]; Pl.'s Objs., ECF No. 30.) Plaintiff responded to Defendant Karagrozis's objections on May 23, 2025. (Pl.'s Resp. to Objs., ECF No. 31.) Defendant Karagrozis responded to Plaintiff's objections on May 27, 2025. (Def.'s Resp. to Objs., ECF No. 33.)

For the reasons stated herein, Defendant Karagrozis's and Plaintiff's objections are OVERRULED, and the R&R is ADOPTED; therefore: Defendant Karagrozis's Dismissal Motion is GRANTED in

part, dismissing, with prejudice, Plaintiff's Section 1983 Hostile
Work Environment Claim as against Defendant Karagrozis, and DENIED
in part as to the remaining claims.

BACKGROUND

I.    Factual and Procedural Background

        The Court presumes the parties' familiarity with,
adopts, and incorporates herein, the factual and procedural
background as set forth in the R&R.[1]    (R&R at 2-7.)    See generally
Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022
WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party
challenges magistrate judge's recitation of the factual and
procedural background of the case, upon clear error review,
adopting and incorporating same into court's order).

II.   Judge Locke's R&R

        Judge Locke's Report is summarized as follows:

    A. Plaintiff's Lack of a Right to Sue Letter from the EEOC

        Judge Locke first determined Defendant Karagrozis's
argument that Plaintiff "did not exhaust her administrative
remedies with respect only to the EEOC as to [] Title VII
liability" is irrelevant to the Dismissal Motion, because, as
Defendant Karagrozis acknowledged, "there is no such cause of

---

[1] The Court acknowledges Defendant Karagrozis' statement that he
"assumes the truth of these allegations solely for the purpose of
the present motion practice."  (Def.'s Objs. at 1 n.1.)

action in the Amended Complaint against him." (R&R at 8 (citing Support Memo at 13-14).)

B. <u>Plaintiff's Section 1983 Hostile Work Environment Claim against Defendant Karagrozis</u>

Judge Locke determined Plaintiff did not provide sufficient facts to plausibly state a Section 1983 Hostile Work Environment Claim against Defendant Karagrozis because: (1) Plaintiff's claim against Defendant Karagrozis in his official capacity is duplicative of Plaintiff's municipal claim against Defendant District and therefore is subject to dismissal (<u>see id.</u> at 9-10); and (2) the personal capacity allegations against Defendant Karagrozis do not meet the standard to show he acted conduct under color of state law since "[n]owhere does the Amended Complaint indicate [] that Defendant [Karagrozis] was [Plaintiff's] supervisor or had authority or control over Plaintiff" (<u>see id.</u> at 10-13).[2]

C. <u>Plaintiff's NYSHRL Hostile Work Environment Claim against Defendant Karagrozis</u>

Judge Locke recommended Plaintiff's NYSHRL Hostile Work Environment Claim against Defendant Karagrozis not be dismissed. (<u>Id.</u> at 13-22.) This is because: (1) while courts in this Circuit are divided as to whether an individual can be held liable for

---

[2] Because of this, Judge Locke did not reach Defendant Karagrozis's other arguments about Plaintiff's Section 1983 Hostile Work Environment Claim.

aiding and abetting discrimination where it was his or her own conduct that gave rise to the discrimination claim against the employer, the Second Circuit has held in Tomka v. Seiler Corporation, 66 F.3d 1295, 1317 (2d Cir. 1995), and Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004), that a co-worker may be held liable under the NYSHRL when that co-worker actually participates in conduct giving rise to a discrimination claim, and Judge Locke thus followed the approach taken in Lee v. Riverbay Corporation: "As there has been no apparent resolution of this issue by the New York state courts, this Court is bound by the Second Circuit's holding in [Tomka], which recognizes a cause of action against individual employee perpetrators under Section 296(6) of the [NYSHRL]" where a plaintiff has sufficiently pled a NYSHRL violation by the employer, meaning Defendant Karagrozis may be held liable under the NYSHRL statute if Plaintiff can establish Defendant District's NYSHRL liability  (R&R at 13-19 (quoting 751 F. Supp. 3d 259, 290 (S.D.N.Y. 2024)); and (2) Plaintiff has adequately alleged the Defendant District is liable because she was subjected to a hostile work environment based upon the fact she was "treated less well based on her gender" and the Defendant District "knew or reasonably should have known about the harassment and failed to take appropriate remedial action," which means the NYSHRL aiding and abetting cause of action against Defendant Karagrozis survives (id. at 19-22).

III. Defendant Karagrozis's Objections to the R&R

Defendant Karagrozis asserts three primary objections to the portion of Judge Locke's R&R concerning Plaintiff's NYSHRL Hostile Work Environment Claim against Defendant Karagrozis.

First, Defendant Karagrozis contends interpretation of the relevant NYSHRL statute should begin with the plain meaning of its text, and the allegations against Defendant Karagrozis do not align with the plain meaning of "aid and abet." (Def.'s Objs. at 11-12.)  Second, Defendant Karagrozis argues that the legislative intent was not "to pave such a wide path for liability against individuals" because the state legislature could have followed the broader text of the New York City Human Rights Law, but did not. (Id. at 13-14.)  Last, he contends "neither Tomka nor Feingold extend beyond the multi-actor context to reach a lone non-supervisory employee, where instead not a single case in the Second Circuit has ever imposed aider and abettor liability under the statute" and the Court should look to the New York Appellate Division's cases relating to this issue.  (Id. at 14-19.)

In response, Plaintiff argues: (1) the legislature intended for courts to apply a broad application of the NYSHRL that is not inclusive of loopholes for harassers such as Defendant Karagrozis (Pl.'s Resp. to Objs. at 14-17); (2) there is a reasonable interpretation of the NYSHRL that exists which uses both a plain reading of the statute and embraces the declared

7

legislative intent that would allow for Defendant Karagrozis's liability here, and regardless, "statutory interpretation is not needed because of <u>Tomka</u> (<u>id.</u> at 17-18);" and (3) <u>Tomka</u> is the on-point and controlling authority here, while the Appellate Division cases are distinguishable (<u>id.</u> at 18-22).

The Court finds Defendant Karagrozis's objections to be without merit and addresses each, in turn, below.

IV. <u>Plaintiff's Objection to the R&R</u>

Plaintiff raises one objection to Judge Locke's R&R regarding Plaintiff's Section 1983 Hostile Work Environment Claim against Defendant Karagrozis:  Her claim should not be dismissed because Defendant Karagrozis was acting under color of state law since he was performing professional duties and using "authority given to him by the municipality to engage in acts of sexual harassment."  (Pl.'s Objs. at 9-11.)

In response, Defendant Karagrozis argues there is no allegation he was acting under color of state law since he and Plaintiff were mere co-workers, which is far afield from Plaintiff alleging he was a supervisor or had some kind of authority or control over her.  (Def.'s Resp. to Objs. at 5-9.)

The Court finds Plaintiff's objection to be without merit and addresses it below.

8

DISCUSSION

I.    Legal Standards

A. Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Additionally, "[i]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Tevac, Inc. v.

9

Dynamics eShop, Inc., No. 19-CV-3650, 2022 WL 4483439, at *3 (E.D.N.Y. Sept. 27, 2022) (quoting Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)); see also Page v. Ellenoff Grossman & Schole LLP, No. 22-CV-4453, 2023 WL 4841916, at *1 (S.D.N.Y. July 28, 2023) ("WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge . . . ."), aff'd, No. 23-1199, 2024 WL 4195137 (2d Cir. Sept. 16, 2024).

        B. Motion to Dismiss

        A claim is properly dismissed pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, courts must "accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Basile v. Levittown United Teachers, 17 F. Supp. 3d 195, 200 (E.D.N.Y. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal citations omitted).

## II.  Analysis[3]

### A. The Objections Warrant Clear Error Review

Turning to the objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Locke. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Indeed, Defendant Karagrozis's regurgitation of his original arguments is apparent when comparing his underlying Support Memo to his objections. (Compare Support Memo at 15-17 (arguing "[t]he NYSHRL permits individual liability only when a supervisor discriminates against her employee, and when another employee aids, abets, incites, compels, or coerces that discrimination" and "[i]n cases where there is only one individual (non-supervisory) defendant–as here–an individual cannot be liable for aiding and

---

[3] Because there have been no objections filed by any parties as to Judge Locke's recommendation that Plaintiff's lack of a right to sue letter from the EEOC is not dispositive, and that argument is irrelevant to Defendant Karagrozis's present motion, upon clear error review, the Court adopts said recommendation in its entirety. (See R&R at 8.)

abetting"), and at 17 ("[e]ven if individual liability of a coworker were available under a theory of aiding and abetting, a plaintiff would first have to establish that the employer was liable for the discriminatory conduct"), with Def.'s Objs. at 9-19 (same)[4]).  The same can be said for Plaintiff's arguments, when comparing her Opposition to her objections.  (Compare Opp'n at 12-14 (arguing Defendant Karagrozis acted under color of state law because he "used his position to surreptitiously photograph [Plaintiff] and others, and to remain in the shared office with [Plaintiff] to engage in acts of unlawful harassment"), with Pl.'s Objs. at 9-11 (same)).  Thus, the Court reviews Judge Locke's Report for clear error.

    B. Defendant Karagrozis's Objections

        i. Objection 1: The R&R Does Not Follow the Plain
           Meaning of the Phrase "Aid and Abet" in the Statute

    As his first objection, Defendant Karagrozis asserts the Magistrate Judge erred by recommending the Court not dismiss Plaintiff's NYSHRL Hostile Work Environment Claim against him

---

[4] The Court agrees with Plaintiff that "[Defendant] Karagrozis's arguments concerning his liability under the NYSHRL largely mirror the same arguments presented in his initial moving papers." (See Pl.'s Resp. to Objs. at 12.)  Even though Defendant Karagrozis raises two seemingly new arguments in his objections, i.e., a plain meaning argument and a legislative structure or legislative intent argument (see Def.'s Objs. at 11-14) (hereinafter, "New Arguments"), his overarching argument remains the same:  That his own conduct cannot give rise to this aider-and-abettor liability. The Court further addresses the New Arguments below. (See infra Sections II.B.i&ii.)

because "the plain meaning of this phrase ["aid and abet"] does not extend into this case as against [Defendant] Karagrozis, a non-supervisory lone actor."  (See Def.'s Objs. at 11-12.)

First, as discussed above (see supra n.4), the Court primarily views this argument as subsumed by Defendant Karagrozis's overarching argument that his own conduct cannot give rise to aider-and-abettor liability under the NYSHRL, and thus Plaintiff's NYSHRL Hostile Work Environment Claim against him must be dismissed.  This argument is addressed below.  (See infra Section II.B.iii.)

Second, to the extent Defendant Karagrozis is making a specific objection to Judge Locke's R&R by asserting a plain meaning statutory interpretation argument (see Def.'s Objs. at 11-12), that objection is overruled.  Defendant Karagrozis did not make such an argument in his moving papers (see generally Support Memo); and he well could have raised such a statutory interpretation argument then.  "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  Tevac, 2022 WL 4483439, at *3 (alteration in original) (emphasis added) (quoting Zhao, 2011 WL 3610717, at *1); see also Page, 2023 WL 4841916, at *1 ("WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate

judge . . . ." (emphasis added)) (citing <u>Robinson v. Keane</u>, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.")), <u>aff'd</u>, 2024 WL 4195137.

Thus, this plain meaning argument in support of Defendant Karagrozis's objections will not be considered now. Hence, this objection is OVERRULED.

### ii. <u>Objection 2: The R&R Does Not Follow the Legislative Structure or Legislative Intent</u>

As his second objection, Defendant Karagrozis asserts the Magistrate Judge erred by recommending the Court not dismiss Plaintiff's NYSHRL Hostile Work Environment Claim against him because "[b]y construing 'aiding and abetting' liability more broadly than the text warrants, the R&R would fashion an avenue for direct liability against employees whenever their conduct gave rise to claims against their employers," but, "if the legislature intended to pave such a wide path for liability against individuals, it would have done so." (<u>See</u> Def.'s Objs. at 13-14.)

First, as discussed (<u>see</u> <u>supra</u> n.4), the Court primarily views this argument as subsumed by Defendant Karagrozis's overarching argument that his own conduct cannot give rise to aider-and-abettor liability under the NYSHRL, and thus Plaintiff's

NYSHRL Hostile Work Environment Claim against him must be dismissed. This argument is addressed below. (See *infra* Section II.B.iii.)

Second, to the extent Defendant Karagrozis is making a specific objection to Judge Locke's R&R by asserting a legislative intent argument (see Def.'s Objs. at 13-14), that objection is overruled. Just as with Defendant Karagrozis's plain meaning argument, discussed *supra*, Defendant Karagrozis did not make a legislative intent argument in his moving papers (see generally Support Memo), and he well could have raised a legislative intent argument then. As this Court has ruled, "[I]t is established law that <u>a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not</u>." <u>Tevac</u>, 2022 WL 4483439, at *3 (emphasis added); see also <u>Page</u>, 2023 WL 4841916, at *1 (citing <u>Robinson</u>, 1999 WL 459811, at *4), <u>aff'd</u>, 2024 WL 4195137.

Thus, the Court declines to consider this legislative intent argument in support of Defendant Karagrozis's objections will not be considered now. Accordingly, this objection is OVERRULED.

iii.  Objection 3: Defendant Karagrozis's Own Conduct
Cannot Give Rise to Aider-and-Abettor Liability
Under the NYSHRL

As his third objection, Defendant Karagrozis contends
the Magistrate Judge erred in his assessment of the case-law by
recommending the Court not dismiss Plaintiff's NYSHRL Hostile Work
Environment Claim against Defendant Karagrozis because his own
conduct cannot lead to aider-and-abettor liability under the
NYSHRL.  (See Def's Objs. at 14-19.)

NYSHRL Section 296 discusses unlawful discriminatory
practices as are alleged here.  In particular, NYSHRL Section
296(1)(h) states it is an unlawful discriminatory practice "[f]or
an employer . . . to subject any individual to harassment because
of an individual's . . . sex . . . when it subjects an individual
to inferior terms, conditions or privileges of employment because
of the individual's membership in one or more of these protected
categories."  NYSHRL § 296(1)(h).  That same statute also
pronounces "[t]he fact that such individual did not make a
complaint about the harassment to such employer . . . shall not be
determinative of whether such employer . . . shall be liable."
Id.  Moreover, Section 296(6) of the NYSHRL makes clear: "It shall
be an unlawful discriminatory practice for any person to aid, abet,
incite, compel, or coerce the doing of any of the acts forbidden
under this article, or to attempt to do so."  NYSHRL § 296(6).

16

First, Defendant Karagrozis argues Judge Locke's recommendation is incorrect because "the R&R's heavy reliance upon _Tomka_ is mistaken" since that case was "a relatively straightforward application of the [NYSHRL], because multiple individual and high-level actors aided and abetted each other and their company in subjecting their victim to inferior conditions of her employment." (Def.'s Objs. at 14-16.) Defendant Karagrozis argues the R&R's reliance on _Feingold_ was incorrect for the same reason, and ultimately contends "neither _Tomka_ nor _Feingold_ extend beyond the multi-actor context to reach a lone non-supervisory employee." (See _id._ at 14-15.)

As Judge Locke astutely observed, the Second Circuit's holdings in _Feingold_ and _Tomka_ are not clear as to which conduct the coworkers in each case aided and abetted, the conduct of each other or of their employer:

> The Second Circuit held in two cases in which NYSHRL claims were brought against multiple co-workers, _Tomka v. Seiler Corp._ and _Feingold v. New York_, that "a co-worker who 'actually participates in the conduct giving rise to a discrimination claim' [may] be held liable under the NYSHRL." _Feingold_, 366 F.3d at 158 (citing _Tomka_, 66 F.3d at 1317). It is unclear from _Tomka's_ holding, however, whether the Second Circuit concluded that the co-workers were liable because they aided and abetted each other's conduct, or because their conduct imposed liability on their employer, which liability the co-workers aided and abetted. _Murtha v. New York State Gaming Comm'n_, No. 17-CV-10040, 2019 WL 4450687, at *18 (S.D.N.Y. Sept. 17, 2019). _Feingold_ similarly did not

specify   whether   multiple   individual
defendants  are  required  to  establish  aiding
and abetting liability for any one defendant.

(R&R at 14-15.)  Moreover, Defendant Karagrozis acknowledges that
there are "recent fractured decisions in the federal District
Courts" about whether the Second Circuit's decisions in Tomka and
Feingold means a lone non-supervisory employee's conduct can be
subject to aider-and-abettor liability under the NYSHRL.  (See
Def's Objs. at 15.)  Thus, it cannot be "clear error" for Judge
Locke to have recommended not to dismiss Plaintiff's NYSHRL Hostile
Work Environment Claim against Defendant Karagrozis when there is
the progeny of Tomka and Feingold that has held there can be
liability under these circumstances.  See, e.g., Johnson v. County
of Nassau, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015) ("Regardless of
whether other employees contributed to the discrimination, under
Tomka, a plaintiff may succeed in a claim under the NYSHRL by
showing the employer entity's having encouraged, condoned, or
approved the discriminatory conduct of a sole employee-the same
discriminatory conduct which then, perhaps "circular[ly]", proves
individual liability under the aiding and abetting provision of
Section 296(6)."); Tully-Boone v. N. Shore-Long Island Jewish
Hosp. Sys., 588 F. Supp. 2d 419, 427 (E.D.N.Y. 2008) ("The Court
is mindful that the Tomka interpretation of § 296(6) is not without
controversy. Nevertheless, until the Second Circuit revisits the
issue, Tomka is the law in this circuit. Accordingly, [defendant]

18

may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability." (internal quotation omitted)); Lewis v. Triborough Bridge & Tunnel Auth., No. 97-CV-0607, 2001 WL 46986, at *2 (S.D.N.Y. Jan. 18, 2001) ("[Plaintiff] alleges that Mr. Chin aided and abet[ed] the [employer's] condonation of his own conduct. Despite the circularity of [plaintiff's] argument, the majority of courts in this Circuit have followed Tomka's guidance and held that an individual can be subject to liability under § 296(6) for aiding and abetting his own discriminatory conduct."), aff'd, 31 F. App'x 746 (2d Cir. 2002); Conklin v. County of Suffolk, 859 F. Supp. 2d 415, 436 (E.D.N.Y. 2012) ("Nevertheless, the law in this Circuit seems clear that a defendant may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability.").

Second, Defendant Karagrozis contends "this Court is bound to follow [New York State courts'] example" and critiques Judge Locke's R&R for not citing a New York State Appellate Division case that has imposed "'aider and abettor' liability against a non-supervisory lone actor." (Def.'s Objs. at 16.) However, as Plaintiff argues (see Pl.'s Resp. at 19-20), this is of no moment, and is not clear error. "Although this Court may

19

look to lower court decisions for guidance on questions of state law, this Court is bound only by decisions by the New York Court of Appeals and the Court of Appeals for the Second Circuit." Cowen & Co. v. Tecnoconsult Holdings Ltd., No. 96-CV-3748, 1996 WL 391884, at *4 n.3 (S.D.N.Y. July 11, 1996); see also Kyodo Shipping, Ltd. v. Groupama Transp. S.A., No. 09-CV-8319, 2010 WL 446459, at *1 (S.D.N.Y. Feb. 8, 2010) ("Plaintiff argues that the Court is bound by the pronouncements of New York courts with respect to state law, and the Appellate Division's holding . . . . However, the Court is bound by Second Circuit precedent, even on issues of state law."); Euro Tr. Trading S.A. v. Uralsib Ins. Grp., No. 09-CV-4712, 2009 WL 5103217, at *1 (S.D.N.Y. Dec. 23, 2009) ("Even on issues of state law, the Court is bound by Second Circuit precedent.").

Third, Defendant Karagrozis argues Judge Locke made a "mistake" because there is "no standalone 'hostile work environment' outside the alleged context of [Defendant] Karagrozis," which is what "New York's appellate courts forbid." (Def.'s Objs. at 16-17.) However, as discussed supra, it does not matter at present what New York's appellate courts forbid, because there is on-point Second Circuit precedent, i.e., Tomka and Feingold, which Judge Locke is required to, and did, follow in his R&R. Indeed, in many cases following Tomka, courts acknowledge that, despite the potentially "circular" result, an individual

employee may be liable under the NYSHRL for aiding and abetting the employer, who may be liable because of the aforementioned individual employee's discriminatory conduct. See, e.g., Johnson, 82 F. Supp. 3d at 536; Lewis, 2001 WL 46986, at *2. Thus, the Court finds Judge Locke's reliance on the teachings of Tomka was not clear error.

Fourth, Defendant Karagrozis contends Judge Locke is mistaken in his reading of cases such as Medical Express Ambulance Corp. v. Kirkland, 913 N.Y.S.2d 296 (2d Dept. 2010), which he argues, does not have a "plaintiff-friendly holding[]." (Def.'s Objs. at 17-18.) Specifically, he argues: "To the extent that the R&R reads plaintiff-friendly holdings into cases like [Kirkland], it is again mistaken. According to the R&R, Kirkland stands for the proposition that while an individual cannot aid and abet his own conduct, he 'could be held liable for aiding and abetting his employer's violation if there were a legal basis for holding his employer liable . . . .' But this is not so." (Def.'s Objs. at 17 (quoting R&R at 18).) The Court disagrees. According to Judge Locke, "the Kirkland court concluded that an individual defendant cannot aid and abet his own NYSHRL violation, but could be held liable for aiding and abetting his employer's violation if there were a legal basis for holding his employer liable under NYSHRL." (R&R at 18 (citing Kirkland, 913 N.Y.S.2d at 296).) This is consistent with Kirkland.

21

In <u>Kirkland</u>, the Second Department stated, <u>inter alia</u>:

> Although an employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation, condonation "contemplates a knowing, after-the-fact forgiveness or acceptance of an offense". Therefore, only after an employer knows or should have known of the improper conduct can it undertake or fail to undertake action which may be construed as condoning the improper conduct. It is axiomatic that a complaint must allege wrongful conduct as of the date it is filed. Here, the Commissioner's finding was based only upon [employer defendant's] actions subsequent to the filing of the formal administrative complaint. There is no evidence in the record to indicate that [employer defendant] was put on notice of [employee defendant's] alleged sexual harassment before the complaint with the DHR was filed. Therefore, it was impossible for [employer defendant] to have simultaneously been put on notice of improper sexual conduct and at the same time been guilty for failing to undertake a sufficient investigation into that conduct.
>
> * * *
>
> [Employee defendant] cannot be held liable for aiding and abetting a violation of [NYSHRL] § 296 (1), since there was no cognizable legal basis for holding [employer defendant] liable thereunder (<u>see</u> <u>Barbato v. Bowden</u>, 63 A.D.3d 1580 (4th Dept. 2009); <u>Strauss v. New York State Dept. of Educ.</u>, 26 A.D.3d 67 (3d Dept. 2005)). Moreover, [employee defendant] cannot be held liable under [NYSHRL] § 296 (6) for aiding and abetting his own violation of the Human Rights Law. . . .

<u>Kirkland</u>, 79 A.D.3d at 887-88 (citations omitted in part).

In any event, Judge Locke properly concluded <u>Tomka</u> is the binding case law here (R&R at 18-19), and at bottom, Judge

Locke's recommendation merely states "the [c]ourt determines that [Defendant] Karagrozis may be held liable for hostile work environment under the NYSHRL _if_ [Plaintiff] establishes the [Defendant] District's liability under that statute." (R&R at 19 (emphasis added).) In other words, at this stage the claim is found to be plausible, and, therefore, is subject to further discovery. This Court finds no error in Judge Locke's reading of Kirkland. Defendant Karagrozis's objection is OVERRULED.

Last, the Court observes Defendant Karagrozis did not object to the portion of Judge Locke's R&R that found Plaintiff adequately alleged the Defendant District liable for hostile work environment under the NYSHRL, such that Defendant Karagrozis may be liable for aiding and abetting under the NYSHRL. (See R&R at 19-22.) Therefore, the Court need not review this portion of the R&R, Thomas, 474 U.S. at 150, and this conclusion is therefore affirmed.

Thus, finding no clear error, this Court adopts Judge Locke's recommendation and denies Defendant Karagrozis's motion to dismiss Plaintiff's NYSHRL Hostile Work Environment Claim against him.

C. Plaintiff's Objection

Plaintiff's objection asserts the Magistrate Judge erred by recommending the Court dismiss Plaintiff's Section 1983 Hostile Work Environment Claim against Defendant Karagrozis in his

23

personal capacity[5] and erroneously concluding Defendant Karagrozis's conduct does not constitute conduct under color of state law. (Pl.'s Objs. at 9-11.) To state a Section 1983 claim against an individual in his or her personal capacity, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "Claims brought against defendants in their personal capacity pursuant to 42 U.S.C. § 1983 'ordinarily require[ ] that the [defendant] be a supervisor or have some position of authority or control over the plaintiff.'" Olsen v. County of Nassau, No. 05-CV-3623, 2008 WL 4838705, at *7 (E.D.N.Y. Nov. 4, 2008) (quoting Quinn v. Nassau County Police Dep't, 53 F. Supp. 2d 347, 355 (E.D.N.Y. 1999)). "Otherwise, it is difficult to establish that the abusive action was perpetrated 'under color of state law' rather than as an essentially private act." Id. (quoting Quinn, 53 F. Supp. 2d at 355). Furthermore, "mere employment by the state does not mean that the employee's every act can properly be characterized as state action." Dudley v.

---

[5] The Court notes Plaintiff did not object to the portion of Judge Locke's R&R that found she did not adequately allege a claim against Defendant Karagrozis in his official capacity to hold him liable for her Section 1983 Hostile Work Environment Claim, and thus, recommended dismissal is appropriate as to Defendant Karagrozis in his official capacity. (See R&R at 9-10.) Therefore, the Court need not review this portion of the R&R. See Thomas, 474 U.S. at 150. Thus, this recommendation is adopted and Plaintiff's Section 1983 Hostile Work Environment Claim against Defendant Karagrozis in his official capacity is hereby dismissed.

Meekins, No. 13-CV-1851, 2013 WL 1681898, at *2 (E.D.N.Y. Apr. 17, 2013) (quoting Patterson v. County of Oneida, N.Y., 375 F.3d 206, 230 (2d Cir. 2004)); see also Hoit v. Cap. Dist. Transp. Auth., 805 F. App'x 41, 47 (2d Cir. 2020).

Plaintiff argues Judge Locke erred because the facts plausibly show Defendant Karagrozis "used specific authority granted to him by the municipality when he used his access to a shared office to commit acts of sexual harassment, including changing his clothes in the office and watching sex-based content on his phone" and "refusing to alter his behavior after [Plaintiff] specifically asked him to, [which], demonstrates [his] exertion of authority over [her]." (Pl.'s Objs. at 11 (citing FAC ¶¶ 43, 79(d)).) She also contends another example of Defendant Karagrozis using "his authority" was when he "enter[ed] other non-public areas of the [Defendant] District's school to surreptitiously photograph [Plaintiff] and [another coworker]." (Id. (citing FAC ¶¶ 73, 90).) This Court disagrees.

Accepting the factual allegations in the FAC as true, and drawing all inferences in Plaintiff's favor, Plaintiff's own pleadings demonstrate Defendant Karagrozis had no authority over her. In fact, it appears to be the opposite. First, Plaintiff refers to Defendant Karagrozis as her "co-worker" multiple times in the FAC. (FAC ¶¶ 36, 39.) Second, Plaintiff states in her Complaint that the principal "decided to place [Defendant

Karagrozis] with [Plaintiff] because 'he had a lot of energy,' and the [Defendant] District thought [Plaintiff] could 'handle him' more effectively." (Id. ¶ 34.)   In her allegations, Plaintiff further surmises, "[i]n other words, immediately upon his hire, the [Defendant] District knew that [Defendant] Karagrozis could be problematic and required strong supervision." (Id. ¶ 35 (emphasis added).)

Second, Judge Locke astutely observed that "Defendant[] [Karagrozis's] use of workplace spaces and resources, without more, does not render his alleged harassment under color of state law." (R&R at 12.)   It is true that "the use of government property does not automatically transform an act into conduct under color of state law." Gomez v. City of N.Y., No. 15-CV-7524, 2017 WL 3736693, at *4 (S.D.N.Y. Aug. 29, 2017) (citing Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994)); see also Martinez v. Colon, 54 F.3d 980, 987-88 (1st Cir. 1995) (holding a police officer did not act under color of law even when he assaulted another officer at the precinct station).   Thus, it is inconsequential that Defendant Karagrozis committed acts of harassment on government property, and this does not give rise to a plausible claim that he acted under color of state law here.

Hence, Plaintiff's objection is overruled.   Thus, finding no clear error, this Court adopts Judge Locke's recommendation and grants the motion to dismiss Plaintiff's

26

Section 1983 Hostile Work Environment Claim against Defendant Karagrozis in his personal capacity.

## CONCLUSION

Accordingly, for the stated reasons, IT IS HEREBY ORDERED that:

I.   Defendant Karagrozis's objections (ECF No. 29) are OVERRULED;

II.  Plaintiff's objections (ECF No. 30) are OVERRULED;

III. The R&R (ECF No. 28) is ADOPTED in its entirety, with:

    B.   Defendant Karagrozis's Motion to Dismiss (ECF No. 21) being:

        1.   GRANTED in part with prejudice as to the Section 1983 Hostile Work Environment Claim against him in both his official and personal capacities; and

        2.   DENIED in part as to the remainder of claims against him.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 1, 2025
      Central Islip, New York